1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA HORTON,

          Plaintiff,

     v.

STANDARD INSURANCE COMPANY,

          Defendant.

Case No. 18-cv-03920-JST

**ORDER TO SHOW CAUSE**

On March 12, 2019, the parties advised court staff via email that they had reached a settlement. ECF No. 34. When more than a week passed without an actual notice of settlement being filed, the Court ordered the parties to file one by March 22, 2019. *Id.* In that order, the Court reminded the parties that

> they have not obtained leave to modify the Court's scheduling order, which provided that this case would be resolved through cross-motions under Federal Rule of Civil Procedure 52. ECF No. 30. Those dates remain as set until further order.

*Id.*

On March 21, the Plaintiff filed a Notice of Settlement. ECF No. 35. In it, she stated that "[t]he parties anticipate filing a stipulated dismissal and any other closing documents within 30 days."

The next day, the Court ordered the parties to file either a stipulation of dismissal or a one-page joint statement explaining why they were unable to file such a stipulation, by May 10, 2019. ECF No. 36. The Court also set a case management conference on May 29, 2019 at 2:00 p.m., and stated that the conference would be vacated automatically if they filed a timely stipulation of dismissal. *Id.*

1        The parties did not comply with that order.  Instead, on May 9, 2019, the Plaintiff filed a

2  "Stipulation of Dismissal" signed only by her lawyer and not by an attorney for the Defendant.

3  Thus, although the document was titled "stipulation," it was in fact a unilateral request for

4  dismissal that had no legal effect.  Accordingly, on May 16, 2019, the Court issued an order

5  stating:

> 6  The Court has received the "Stipulation of Dismissal" filed by
> Plaintiff.  ECF No. 37.  The Court observes that the stipulation is
> 7  signed by Plaintiff only.  The Court hereby ORDERS the parties to
> file a stipulation signed by all parties on or before May 23, 2019.  *See*
> 8  Fed. R. Civ. P. 41(a)(ii); Civil L.R. 7-12.

9  ECF No. 38.

10        No such stipulation was filed.  No one appeared at the May 29, 2019 hearing.

11        The Court should not have to work so hard just to get the parties to comply with its orders,

12  the local rules, and the Federal Rules of Civil Procedure.  Accordingly, having issued multiple

13  orders without effect, and seeing no other way of getting the parties' attention, the Court now

14  ORDERS THE PARTIES AND THEIR COUNSEL, AND EACH OF THEM, TO SHOW

15  CAUSE why the Court should not impose sanctions for the parties' willful disobedience of the

16  Court's orders and the Federal Rules of Civil Procedure.  Civ. L.R. 1-4; *Roadway Exp., Inc. v.*

17  *Piper*, 447 U.S. 752, 766 (1980) (court has the inherent power to assess attorney's fees for "willful

18  disobedience of a court order").

19        A written response to this Order to Show Cause is due by June 5, 2019 at 5:00 p.m.  The

20  Court will conduct a hearing on June 19, 2019 at 2:00 p.m.  Counsel will personally appear.

21        **IT IS SO ORDERED.**

22  Dated:  May 30, 2019

23

                               JON S. TIGAR

24                         United States District Judge

25

26

27

28